**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------------X

| | |
|---|---|
| RUNCIE DOOKERAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>XUNLEI LIMITED, LEI CHEN, ERIC ZHOU and TAO THOMAS WU.<br><br>Defendants. | **CASE No.: 1:18-cv-00467-RJS**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF NOELLE DUNPHY AND YUEJUN JIANG TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFFS; AND (3) APPROVE LEAD PLAINTIFFS' SELECTION OF COUNSEL**<br><br>**CLASS ACTION** |

-----------------------------------------------------------------------------X
-----------------------------------------------------------------------------X

| | |
|---|---|
| PENG LI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>XUNLEI LIMITED, LEI CHEN, ERIC ZHOU and TAO THOMAS WU,<br><br>Defendants. | **CASE No.: 1:18-cv-00646-RJS**<br><br>**CLASS ACTION** |

-----------------------------------------------------------------------------X

Plaintiffs Noelle Dunphy and Yuejun Jiang ("Movants") respectfully submit this memorandum of law in support of their motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) consolidating the above-captioned actions;

(2) appointing Movants as Lead Plaintiffs for the class of all purchasers or acquirers of the American Depository Shares ("ADSs") of Xunlei Limited ("Xunlei" or the "Company") between October 10, 2017, and January 11, 2018, both dates inclusive (the "Class Period"); and

(3) approving Movants' selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

This action was commenced on January 18, 2018 against the Company and certain of its officers, and directors, for violations under the Exchange Act. The following day, a law firm issued an early notice pursuant to the PSLRA advising class members of, *inter alia*, the allegations and claims in the Complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Ex. 1 hereto. The above-captioned related action styled as *Li v. Xunlei Limited, et al.,* Docket No. 1:18-cv-00646 (S.D.N.Y. Jan. 24, 2018) was subsequently filed with this Court against defendants asserting similar facts and claims as the instant action.

The complaints allege that during the Class Period, Defendants made materially false and/or misleading statements and/or failed to disclose that: (1) Xunlei had engaged into an unlawful financial activity; (2) OneCoin was a form of disguised initial coin offering ("ICO"); (3) Xunlei was engaged into the promotion of an Initial Miner Offering ("IMO"); and (4) as a result of the foregoing, Defendants' statements about Xunlei's business, operations, and

prospects, were false and misleading and/or lacked a reasonable basis. When the true details entered the market, the lawsuits claim that investors suffered damages. On November 24, 2017, various news outlets in China reported that Xunlei's business partner, Shenzhen Xunlei Big Data Information Services Company Ltd., was accusing Xunlei of conducting unlawful ICO through its OneCoin project. On this news and over the course of two trading days, Xunlei's ADS price declined $6.33 from a close on November 24, 2017, at $24.91 per ADS, to a close at $18.58 per ADS on November 28, 2017. This was a drop of over 25%.

## ARGUMENT

### I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned related actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II. MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(3)(B); 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movants satisfy all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movants Are Willing to Serve as Class Representatives

Movants have filed herewith PSLRA certifications attesting that they are willing to serve as representatives of the class and remain willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2. Accordingly, Movants satisfy the first requirement to serve as Lead Plaintiffs for the Class.

### B. Movants Have the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that …has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how

4

we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the Lax/Olsen-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movants lost $119,818.30 in connection with purchases of Xunlei securities. *See* Ex. 3 hereto. Movants are not aware of any other movant that has suffered greater losses in Xunlei securities during the Class Period. Accordingly, Movants satisfy the largest financial interest requirement to be appointed as Lead Plaintiffs for the class.

C. **Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) and Section 27(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

certification – a *prima facie* showing that Movants will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1. Movants' Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Here, Movants' claims are typical of the claims asserted by the Class. Movants, like all members of the Class, allege that Defendants violated the Exchange Act by issuing false and misleading statements about the Company's business and financial condition. Movants' interests are closely aligned with the other Class members' and their interests are, therefore, typical of the other members of the Class.

### 2. Movants Are Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movants have communicated with competent, experienced counsel concerning this case, and have made this motion to be appointed as Lead Plaintiffs. Movants are not aware that

any conflict exists between Movants' claims and those asserted on behalf of the Class. Movants also sustained substantial financial losses from his investments in Xunlei securities and are therefore, extremely motivated to pursue claims in this action.

### D. Movants Are Presumptively the Most Adequate Plaintiffs

The presumption in favor of appointing Movants as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption that Movants are the most adequate Lead Plaintiffs is not, therefore subject to rebuttal. Movants have suffered substantial financial losses and have the largest financial interest in this case of any timely lead plaintiff. The ability of Movants to represent the Class fairly and adequately is discussed above. Movants are not aware of any unique defenses Defendants could raise against them that would render Movants inadequate to represent the Class. Accordingly, Movants are presumptively the most adequate plaintiffs and should be appointed as Lead Plaintiffs for the Class.

### III. THE MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiffs to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiffs' selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching Movants' and Class Plaintiffs' claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against the defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 4 hereto. The firm has prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movants' counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movants' selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movants respectfully request the Court issue an Order: (1) consolidating the related actions; (2) appointing Movants as Lead Plaintiffs of the Class; (3) approving the Movants' selection of The Rosen Law Firm, P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: March 20, 2018                              Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827

Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of March 2018, a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF NOELLE DUNPHY AND YUEJUN JIANG TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFFS; AND (3) APPROVE LEAD PLAINTIFFS' SELECTION OF COUNSEL** was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Phillip Kim