**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RUNCIE DOOKERAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>XUNLEI LIMITED, LEI CHEN, ERIC ZHOU and TAO THOMAS WU,<br><br>Defendants. | No.: 1:18-cv-00467<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF TONGYAN WANG AND YUYAN JIA FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF COUNSEL** |
| PENG LI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>XUNLEI LIMITED, LEI CHEN, ERIC ZHOU AND TAO THOMAS WU,<br><br>Defendants. | No.: 1:18-cv-00646 |

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS .......................................................................................................2

ARGUMENT ...............................................................................................................................5

      A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL
PURPOSES...........................................................................................................5

      B.    WANG AND JIA SHOULD BE APPOINTED LEAD PLAINTIFFS .................6

           1.    Wang and Jia are Willing to Serve as Class Representatives .....................7

           2.    Wang and Jia Have the "Largest Financial Interest" ..................................7

           3.    Wang and Jia Otherwise Satisfy the Requirements of Rule 23 of
the Federal Rules of Civil Procedure .........................................................8

           4.    Wang and Jia Will Fairly and Adequately Represent the Interests
of the Class and are Not Subject to Unique Defenses ..............................11

      C.    LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE
APPROVED .......................................................................................................11

CONCLUSION.........................................................................................................................12

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*A.F.I.K. Holding SPRL v. Fass*,
   216 F.R.D. 567 (D. N.J. 2003)............................................................................8

*Bassin v. Decode Genetics, Inc.*,
   230 F.R.D. 313 (S.D.N.Y. 2005) ........................................................................6

*Beck v. Maximus, Inc.*,
   457 F.3d 291 (3d Cir. 2006).........................................................................9, 10

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
   252 F.R.D. 188 (S.D.N.Y. 2008) ......................................................................5

*Danis v. USN Communs., Inc.*,
   189 F.R.D. 391 (N.D. Ill. 1999).........................................................................9

*Greebel v. FTP Software*,
   939 F. Supp. 57 (D. Mass. 1996) ......................................................................9

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*,
   2004 U.S. Dist. LEXIS 10200 (E.D. Pa. Jun. 3, 2004)............................................8

*In re Comverse Tech., Inc., Sec. Litig.*,
   2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007)..........................................8

*In re GE Sec. Litig.*,
   No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29,
   2009) ....................................................................................................5, 6

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp.2d 286 (E.D.N.Y. 1998) ...............................................................8, 9

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) .......................................................................9

*In re Tronox, Inc. Sec. Litig.*,
   262 F.R.D. 338 (S.D.N.Y. 2009) .....................................................................5

*In re Vicuron Pharms., Inc. Sec. Litig.*,
   225 F.R.D. 508 (E.D. Pa. 2004)........................................................................8

*Janovici v. DVI, Inc.*,
   No. 03-4795, 2003 U.S. Dist. LEXIS 22315 (E.D. Pa. Nov. 25, 2003) .....................8

*Lax v. First Merch. Acceptance Corp.*,
  1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ...........................................................8

*Malcolm v. Nat'l Gypsum Co.*,
  995 F.2d 346 (2d Cir. 1993)......................................................................................................5

*Osher v. Guess?, Inc.*,
  2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ........................................................11

*Riordan v. Smith Barney*,
  113 F.R.D. 60 (N.D. Ill. 1986)................................................................................................10

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii) ................................................................................. *passim*

**Rules**

Fed. R. Civ. P. 23 ....................................................................................................... *passim*

Fed R. Civ. P. 42 ...........................................................................................................1, 5, 9

Movants Tongyan Wang and Yuyan Jia[1] (together, "Wang and Jia") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for the entry of an Order:   (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Wang and Jia as Lead Plaintiffs on behalf of all persons and entities that purchased or otherwise acquired the American Depositary Shares ("ADS") of Xunlei Limited ("Xunlei" or the "Company") between October 10, 2017, and January 11, 2018, both dates inclusive (the "Class Period"); (3) approving Lead Plaintiffs' selection of Pomerantz LLP ("Pomerantz") as Lead Counsel; and (4) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Wang and Jia, with losses of approximately $327,690 in connection with their purchases of Xunlei ADSs during the Class Period, have the largest financial interest in the relief sought in this action.  Wang and Jia further satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure as they are adequate representatives with claims typical of the other Class members. Accordingly, Wang and Jia respectfully submit that they should be appointed Lead Plaintiffs.

---

[1] Tongyan Wang and Yuyan Jia are husband and wife.

## STATEMENT OF FACTS

Xunlei is a cloud-based acceleration technology company operating an internet platform in China based on cloud technology to enable users to access, manage, and consume digital media content. The Company's main product is OneCloud, a network linked storage device allowing multiple users to share online storage remotely and a "mining machine" for users to share their idle bandwidth with Xunlei's content delivery networks. Founded in 2003, the Company is headquartered in Shenzhen, the People's Republic of China, and its ADSs trade on the NASDAQ Global Select Market under the ticker symbol "XNET."

On October 10, 2017, Xunlei issued a press release announcing the introduction of "OneCoin", a blockchain-based product with no central bank endorsed value. OneCoin was subsequently renamed "Lianke."

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants failed to disclose that: (i) Xunlei had engaged into an unlawful financial activity; (ii) OneCoin was a form of disguised initial coin offering ("ICO"); (iii) Xunlei was engaged into the promotion of an Initial Miner Offering ("IMO"); and (iv) as a result of the foregoing, Defendants' statements about Xunlei's business, operations, and prospects, were false and misleading and/or lacked a reasonable basis.

On or about November 24, 2017, various news outlets in China reported that Xunlei's business partner Shenzhen Xunlei Big Data Information Services Company Ltd. ("Big Data") was accusing Xunlei of conducting an unlawful ICO through the Company's OneCoin project.

On this news and over the course of two trading days, the Company's ADS price declined $6.33 from a close on November 24, 2017, at $24.91 per ADS, to a close at $18.58 per ADS on November 28, 2017, a drop of approximately 25.41%.

On November 29, 2017, Xunlei issued a press release entitled "Xunlei Provides Clarification on Recent Market Development," announcing an update on its business relationship with Big Data. Therein, Company stated in relevant part:

> SHENZHEN, China, Nov. 29, 2017 (GLOBE NEWSWIRE) -- Xunlei Limited ("Xunlei" or the "Company") (Nasdaq:XNET), a leading cloud-based acceleration technology company in China, provided the following clarification on the recent market development.
>
> Currently, Xunlei has 28.77% equity interest in Shenzhen Xunlei Big Data Information Services Company Ltd. ("Big Data") and has no management control over Big Data. In response to certain public statements made by Big Data recently, the board of directors of the Company ("Board") issued an open letter and firmly supported the Company's endeavor to utilize its many years of technical know-how in the field of distributed computing to explore commercial applications with the help of blockchain technology.
>
> To protect the interests of the Company, with the approval of the Board, the Company has requested Big Data to stop using the "Xunlei" brand name immediately and also terminated its right to use the "Xunlei" brand.
>
> For the past five consecutive years, Xunlei has been selected as one of the Top 100 Internet Companies In China jointly by Internet Society of China and MIIT. As a listed company, Xunlei's policy is to abide by applicable laws and government regulations, implement corporate governance and operate strictly under the guidance of the Board.

On this news, the Company's ADS price declined $5.78 from a close on November 28, 2017 at $18.58 per ADS, to a close at $12.80 per ADS on November 29, 2017, a drop of approximately 31.1%.

On January 12, 2018, the National Internet Finance Association of China, a national organization initiated by multiple ministries, commissions and the People's Bank of China, issued a "Risk Alert" notice on "Disguised ICO Activities", stating in relevant part:

The Announcement on Guarding against ICO Risks, jointly issued by 7 ministries including the People's Bank of China in September 2017, clearly pointed out that ICO activities are suspected of involving illegal criminal activities including illegal fund-raising, illegal issuance of securities, and illegal sale of notes and bonds and that all institutions and individuals should immediately stop engaging in ICO activities. With the gradual phasing out of ICO projects nationwide, Initial Miner Offerings (IMO), represented by the token Lianke (formerly known as Wankebi) issued by Xunlei, has emerged as a potentially risky model that warrants vigilance.

Since last October, a series of "virtual digital assets" have been issued, including Lianke, LLT, and BFC Points. *In the case of Lianke issued by Xunlei, for example, the issuing company in effect substitutes Lianke for the duty to pay back project contributors with legal tender, making it essentially a financing activity and a form of disguised ICO. In addition, with frequent promotional activities and publishing of trading tutorials, Xunlei has lured many citizens without sound discernment into IMO activities.*

NIFA hereby calls on consumers and investors to gain a clear understanding of the nature of relevant models, strengthen awareness of risk prevention, make investments rationally, and refrain from blindly following speculation and hype. Any illegal financial activities in the form of IMO, ICO activities targeting domestic residents through deployment of foreign servers, and exchange services for "virtual currencies", once found, can be reported to relevant regulatory agencies or NIFA. Any such activities suspected of violating criminal laws can be reported to the police. NIFA members should enhance self-regulation, resist illegal financial activities, and refrain from participating in any activities involving ICO or speculation in "virtual currencies".

(Emphasis added.)

On this news, the Company's ADS price declined $6.27 from a close on January 11, 2018 at $22.90 per ADS, to a close at $16.63 per ADS on January 12, 2018, a drop of approximately 27.38%.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### A.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).  *See also* Manual for Complex Litigation (Third), § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact.  *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *4–8 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law *and* fact. Each action was brought against the Company, as well as certain officers and directors of the Company, in connection with violations of the federal securities laws.  Accordingly, the Related Actions allege substantially the same wrongdoing, namely that defendants issued materially false

and misleading statements and omissions that artificially inflated the price of the Company's securities and subsequently damaged the Class when the Company's stock price crashed as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *In re GE*, 2009 U.S. Dist. LEXIS 69133), at \*5 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

**B.     WANG AND JIA SHOULD BE APPOINTED LEAD PLAINTIFFS**

Wang and Jia should be appointed Lead Plaintiffs because they have the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

   (cc) otherwise satisfies the requirements of Rule 23 of the Federal
Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Wang and Jia satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Lead Plaintiffs for the Class.

### 1.      Wang and Jia are Willing to Serve as Class Representatives

On January 19, 2018, counsel for plaintiff in the first of the Related Actions to be filed caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of Xunlei ADS that they had 60 days—*i.e.*, until March 19, 2018— to file a motion to be appointed as Lead Plaintiff.  *See* Declaration of Jeremy A. Lieberman in Support of Motion of Tongyan Wang and Yuyan Jia for Consolidation, Appointment as Lead Plaintiffs and Approval of Counsel ("Lieberman Decl."), Ex. A.

Wang and Jia have filed the instant motion pursuant to the Notice, and they have attached Certifications attesting that they are willing to serve as representatives for the Class, and provide testimony at deposition and trial, if necessary.  *See* Lieberman Decl., Ex. B.  Accordingly, Wang and Jia satisfy the first requirement to serve as Lead Plaintiffs of the Class.

### 2.      Wang and Jia Have the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, Wang and Jia believe that they have the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the

seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at \*7-\*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[2] The most critical among the Lax Factors is the approximate loss suffered. *See*, *e.g.*, *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *Janovici v. DVI, Inc.*, No. 03-4795, 2003 U.S. Dist. LEXIS 22315, at \*39 (E.D. Pa. Nov. 25, 2003); *In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 10200, at \*2–3 (E.D. Pa. Jun. 3, 2004); *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 572 (D. N.J. 2003).

During the Class Period, Wang and Jia (1) purchased 95,500 shares of Xunlei ADSs; (2) expended $1,806,969 on their purchases of Xunlei ADSs; (3) retained 95,500 of their Xunlei shares; and (4) as a result of the disclosures of the fraud, suffered a loss of $327,690 in connection with their Class Period purchases of Xunlei ADSs.  *See* Lieberman Decl., Ex. C. Because Wang and Jia possess the largest financial interest in the outcome of this litigation, they may be presumed to be the "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.    Wang and Jia Otherwise Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

---

[2] *See also In re Olsten Corp. Sec. Litig.,* 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998).  *Accord In re Converse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at \*22-\*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996).  Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999).  In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

The claims of Wang and Jia are typical of those of the Class.  Wang and Jia allege, as do all class members, that defendants violated the Exchange Act by making what they knew or

should have known were false or misleading statements of material facts concerning the Company, or omitted to state material facts necessary to make the statements they did make not misleading. Wang and Jia, as did all members of the Class, purchased Xunlei ADS during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent.'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

Wang and Jia are adequate representatives for the Class. There is no antagonism between the interests of Wang and Jia and those of the Class, and their losses demonstrate that they have a sufficient interest in the outcome of this litigation. As set forth in their Joint Declaration, Wang and Jia understand the responsibilities of a Lead Plaintiff pursuant to the PSLRA and discussed those responsibilities with counsel prior to filing the instant motion. *See* Pafiti Decl., Ex. D. Finally, Wang and Jia have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submit their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

4.      **Wang and Jia Will Fairly and Adequately Represent the Interests of the Class and are Not Subject to Unique Defenses**

The presumption in favor of appointing Wang and Jia as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or
>
> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The ability and desire of Wang and Jia to fairly and adequately represent the Class has been discussed above.  Wang and Jia are not aware of any unique defenses defendants could raise that would render them inadequate to represent the Class. Accordingly, Wang and Jia should be appointed Lead Plaintiffs for the Class.

C.      **LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Wang and Jia have selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.  *See* Lieberman Decl., Ex. E.  As a result of the firm's extensive experience in litigation involving issues similar to those raised in the Related Actions,

Wang and Jia's counsel have the skill and knowledge which will enable them to prosecute a consolidated action effectively and expeditiously.  Thus, the Court may be assured that by approving the selection of Lead Counsel by Wang and Jia, the members of the class will receive the best legal representation available.

## **CONCLUSION**

For the foregoing reasons, Wang and Jia respectfully request that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Wang and Jia as Lead Plaintiffs for the Class; (3) approving Pomerantz as Lead Counsel for the Class; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:   March 20, 2018

Respectfully submitted,

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email:  jalieberman@pomlaw.com
         ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email:  pdahlstrom@pomlaw.com

*Counsel for Movants and*
*Proposed Lead Counsel for the Class*