UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/12/18

RUNCIE DOOKERAN, individually and on behalf of all others similarly situated,

       Plaintiff,

-v-

XUNLEI LIMITED *et al.*,

       Defendants.

No. 18-cv-467 (RJS)
OPINION AND ORDER

PENG LI, individually and on behalf of all others similarly situated,

       Plaintiff,

-v-

XUNLEI LIMITED *et al.*,

       Defendants.

No. 18-cv-646 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

 Before the Court are two putative class actions brought under the Private Securities Litigation Reform Act of 1995 ("PSLRA") on behalf of investors who claim to have suffered damages as a result of Defendants' violations of various securities statutes. Now before the Court is a motion filed by Tongyan Wang and Yuyan Jia (together, "Wang and Jia") seeking (1) consolidation of the two related actions; (2) appointment as lead plaintiffs; and (3) appointment of Pomerantz LLP as lead counsel. (Doc. No. 5.) For the reasons set forth below, the Court consolidates the two related actions, appoints Wang and Jia as lead plaintiffs, and appoints Pomerantz LLP as lead counsel for the class.

I. BACKGROUND

On January 18, 2018 and January 24, 2018, Plaintiffs Runcie Dookeran and Peng Li, respectively, filed suits under Sections 10(b) and 20(a) of the Securities Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), on behalf of a putative class of all individuals or entities that acquired Xunlei American Depository Shares ("Xunlei ADSs") between October 10, 2017 and January 11, 2018. (Doc. No. 1, 18-cv-467, *Dookeran v. Xunlei Limited et al.* ("Dookeran Compl.") ¶ 1; Doc. No. 1, 18-cv-646, *Li v. Xunlei Limited et al.* ("Li Compl.") ¶ 1.)[1] On January 19, 2018, Plaintiff Dookeran published a notice of the pending litigation. (*See* Doc. Nos. 7-1; 18.) Pursuant to the PSLRA, motions for appointment as lead plaintiff were therefore due by March 20, 2018. 15 U.S.C. § 78u-4(a)(3)(A)(i). On that day, three motions were filed: the motion before the court, a motion on behalf of Noelle Dunphy and Yuejun Jiang, and a motion on behalf of Hesong Sun. (*See* Doc. Nos. 3, 5, 8.) On March 30, 2018, Noelle Dunphy and Yuejun Jiang withdrew their motion. (Doc. No. 11.) On April 3, 2018, Hesong Sun filed a notice of non-opposition to Wang and Jia's motion. (Doc. No. 17.)[2]

II. CONSOLIDATION

Pursuant to Federal Rule of Civil Procedure 42(a), a district court may "consolidate" two or more actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2); *see also Devlin v. Transp. Commc' ns Int' l Union*, 175 F.3d 121, 130 (2d Cir. 1999); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). District courts have "broad discretion to determine whether consolidation is appropriate," but this discretion is "not unfettered," and,

---

[1] All document numbers cited herein, unless otherwise indicated, are to 18-cv-467, *Dookeran v. Xunlei Limited et al.*

[2] Although Hesong Sun filed a notice of non-opposition to Wang and Jia's motion (Doc. No. 17), he did not withdraw his motion (Doc. No. 8). However, because the Court grants Wang and Jia's motion and names them as lead plaintiffs, the Court must also simultaneously deny Hesong Sun's motion to be appointed as lead plaintiff.

therefore, "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." *Johnson*, 899 F.2d at 1284–1285. Accordingly, courts must determine:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* at 1285 (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1494 (11th Cir. 1985)).

After considering these factors, the Court finds consolidation to be appropriate here. It is obvious, upon review of the operative complaints, that there are "common factual and legal issues" in both cases. (*See* Dookeran Compl.; Li Compl.) In fact, the complaints are nearly identical. In addition, the Court fails to discern how any party would be prejudiced by consolidation. Furthermore, it is clear that consolidation would prevent waste and duplication in the various cases. Accordingly, the Court consolidates the above-captioned cases under the caption *In re Xunlei Limited Securities Litigation*, No. 18-cv-467 (RJS), and closes the case numbered 18-cv-646 (RJS).

### III. LEAD PLAINTIFFS

Under the procedures set out by the PSLRA, a district court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the Court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The statute creates a rebuttable presumption in favor of the "person or group of persons" that (i) either filed the lawsuit or timely moved for appointment as lead plaintiff; (ii) "has the largest financial interest in the relief sought by the class"; and (iii) "otherwise satisfies the requirements" of Federal Rule of Civil Procedure 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Even if no interested

individual or entity (or group thereof) seeks to rebut the presumption in favor of the group with the largest financial interest, courts independently examine whether the purported lead plaintiff satisfies the requirements of the PSLRA. *See Springer v. Code Rebel Corp.*, No. 16-cv-3492 (AJN), 2017 WL 838197, at *1 (S.D.N.Y. Mar. 2, 2017) (collecting cases).

Wang and Jia satisfied the first requirement of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), "making a motion in response to a notice, when they moved for appointment as lead plaintiffs." *Springer*, 2017 WL 838197, at *2. Second, Wang and Jia have the largest financial interest of any plaintiff or group of plaintiffs seeking to represent the class. Wang and Jia contend that they lost $327,690 dealing in Xunlei ADSs during the class period (*see* Doc. No. 6 at 8) – far more than the $119,818.30 in losses incurred by Noelle Dunphy and Yuejun Jiang (*see* Doc. No. 4 at 5) and the $216,469.26 in losses incurred by Hesong Sun (*see* Doc. No. 9 at 7), and an amount that clearly is "significant enough" to "rende[r] them suitable to serve as lead plaintiffs," *Logan v. QRx Pharma Ltd.*, No. 15 Civ. 4868 (PAE), 2015 WL 5334024, at *2 (S.D.N.Y. Sept. 14, 2015).

Third, Wang and Jia "have made a sufficient preliminary showing that they can satisfy the relevant requirements of Federal Rule of Civil Procedure 23." *Springer*, 2017 WL 838197, at *2. At this stage, "courts have required only a *prima facie* showing that the requirements of Rule 23 are met." *Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 277–78 (S.D.N.Y. 2015). And, of the four Rule 23(a) requirements, only "[t]ypicality" and "adequacy" are "relevant to a determination of a lead plaintiff under the PSLRA." *Sallustro*, 93 F. Supp. 3d at 278. To satisfy the typicality requirement, the lead plaintiffs' claims must "arise[] from the same course of events" as the class's claims and rely on "similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992). "However, the lead plaintiff's claims need not be identical to the claims of the class to satisfy the preliminary showing

4

of typicality." *Sallustro*, 93 F. Supp. 3d at 278. (internal quotation marks and brackets omitted). To be "adequate," a lead plaintiff must show that "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Id.*

Wang and Jia clearly meet the typicality threshold. Their theory of injury mirrors the complaints filed in both above-captioned cases, since Wang and Jia contend that they purchased Xunlei ADSs at prices kept artificially high by Defendants' false and misleading statements and that they were injured as a result. (*Compare* Doc. No. 6 at 2–4 *with* Dookeran Compl. ¶¶ 18–35.); *see also Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*, No. 11-cv-5097(JFK), 2011 WL 4831209, at *2 (S.D.N.Y. Oct. 12, 2011) ("The typicality requirement is easily met here. [Lead plaintiff], like the other purported plaintiffs in this lawsuit, has asserted that it purchased Fairfax securities during the class period and was injured by false and misleading representations made by defendants in violation of the Securities and Exchange Acts."). Wang and Jia also satisfy the adequacy requirement, since their substantial losses provide a sufficient incentive to vigorously litigate this case, there are no indicia of conflicts between Wang and Jia and the putative class, and Wang and Jia's chosen counsel appear to be experienced in the realm of PSLRA class-action litigation (*see* Doc. No. 7-5). *See Sallustro*, 93 F. Supp. 3d at 278. Accordingly, Wang and Jia have made a *prima facie* showing that they will adequately represent the interests of the absent class members. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008) (listing "[f]actors that courts have considered" when evaluating a proposed lead plaintiff group, including "plans for cooperation").

Because Wang and Jia have satisfied all of the PSLRA requirements, the Court appoints Wang and Jia as lead plaintiffs.

IV. LEAD COUNSEL

The PSLRA provides that the lead plaintiff(s) "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "There is a 'strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection.'" *Sallustro*, 93 F. Supp 3d at 279 (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)). Nevertheless, the presumption is not conclusive. The Court is empowered to reject lead plaintiffs' chosen counsel when necessary to "protect the interests of the class." *Weltz v. Lee*, 199 F.R.D. 129, 134 (S.D.N.Y. 2001).

Here, Wang and Jia have chosen Pomerantz LLP to serve as lead counsel. (Doc. No. 5-1 ¶ 8.) As evidenced by the firm resume submitted in support of Wang and Jia's motion, Pomerantz LLP has substantial experience in PSRLA litigation. (Doc. No. 7-5.) The Court is not concerned that Wang and Jia's chosen firm will fail to protect the putative class's interests. Accordingly, the Court approves Wang and Jia's choice of Pomerantz LLP as lead counsel for the putative class.

V. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Wang and Jia's motion for appointment as lead plaintiffs is GRANTED, and Hesong Sun's motion for appointment as lead plaintiff is DENIED. IT IS FURTHER ORDERED THAT Pomerantz LLP shall serve as lead counsel for the putative class. As provided in the Court's April 2, 2018 Order (Doc. No. 16), Wang and Jia shall file a joint letter within ten days – that is, by April 23, 2018 – proposing a schedule for the filing of a consolidated amended complaint and Defendants' answer. IT IS FURTHER ORDERED THAT the above-captioned cases shall be consolidated under the caption *In re Xunlei*

*Limited Securities Litigation*, No. 18-cv-467 (RJS). The Clerk of Court is respectfully to close the case numbered 18-cv-646 (RJS) and to terminate the motions pending at docket numbers 5 and 8 in this case.

SO ORDERED.

Dated: April 12, 2018
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE